IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA MUNICIPAL INSURANCE CORPORATION, a non-profit corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No.: 2:16-cv-948-WHA-SRW (WO) |
| MUNICH REINSURANCE AMERICA, INC., a foreign corporation, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Stay Pending Arbitration filed by the Plaintiff Alabama Municipal Insurance Corporation ("AMIC") (Doc. # 20).

AMIC filed a Complaint on December 7, 2016, bringing a claim against Munich Reinsurance America, Inc. ("Munich") for breach of a reinsurance contract, Casualty Excess of Loss Reinsurance Agreement No. 1236-0018. On April 18, 2017, AMIC filed an Amended Complaint which again asserted one claim for breach of contract, but this time identifying the breached contract as Casualty Excess of Loss Reinsurance Agreement No. 1236-0013, which was endorsed by Endorsement No. 1236-0009-E003 (Doc. # 18).

On May 17, 2017, AMIC filed a Motion to Stay Pending Arbitration, which the court has construed as a motion to compel arbitration. (Doc. # 20). Munich opposes arbitration. For the reasons that follow, the court concludes AMIC's claim in its Amended Complaint is due to be compelled to arbitration.

**II. STANDARD FOR A MOTION TO COMPEL ARBITRATION**

Pursuant to the Federal Arbitration Act ("FAA"), a written arbitration "provision in any . . . contract evidencing a transaction involving commerce . . . [is] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When a party to an enforceable arbitration agreement fails to arbitrate a dispute that falls within the scope of an agreement containing an arbitration clause, the aggrieved party may petition the court "for an order directing that such arbitration proceed." 9 U.S.C. § 4. If the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court is required to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. If, however, "the making of the arbitration agreement" is a disputed issue, the court must first adjudicate whether the agreement is enforceable against the parties. *See Bess v. Check Express*, 294 F.3d 1298, 1304 (11th Cir. 2002).

### III. FACTS

AMIC is a non-profit entity with its principal place of business in Montgomery, Alabama. AMIC continuously insured the City of Gulf Shores, Alabama from May 1, 2002 to October 31, 2015. During that time, AMIC was reinsured by Munich, a New Jersey corporation. Over the course of that thirteen (13) year period, the parties entered into a series of reinsurance agreements; one per year, except for the first agreement, which covered the first two years; which sought to reinsure AMIC for a variety of lines of business liabilities.

The first two reinsurance agreements between Munich and AMIC, including Agreements No. 1236-0009 and No. 1236-0013, covered claims made to AMIC for occurrences happening between May 2002 and May 2005. Agreement No. 1236-0013 covered claims between May 2004 and May 2005 for only the Law Enforcement Liability (LEL), Public Officials Liability (POL), and Employees' Benefits Liability (EBL) lines of business. Endorsement Agreement No. 1236-

0009-E003, which operated between May 2004 and May 2005, covered additional lines of business.

In addition, the first two agreements, Agreements No. 1236-0009 and No. 1236-0013, contained an arbitration clause, stating, in relevant part:

> As a condition precedent to any right to action hereunder, any dispute arising out of this Agreement shall be submitted to the decision of a board of arbitration composed of two arbitrators and an umpire, meeting in Montgomery, Alabama unless otherwise agreed.

(Doc. # 20-1, p. 17).

The City of Gulf Shores was sued by a group of fifty-five (55) plaintiffs due to "continued and repeated exposure" to flooding caused by Gulf Shores's undersized drain pipes. (Doc. # 18, p. 3, ¶ 9). AMIC settled all fifty-five (55) suits for $981,250 with expenses amounting to $306,670.79, totaling $1,287,920.79.

AMIC paid the City of Gulf Shores on its policy for the first $350,000 and, pursuant to its reinsurance agreements, submitted a claim for the remainder $937,920.79 to Munich. Munich, however, only paid $587,920.79 of the total $937,920.79 request. Therefore, AMIC filed a complaint in this court asserting a claim for breach of Agreement No. 1236-0018 against Munich for the remaining $350,000 balance. (Doc. # 18).

Munich answered on January 2, 2017 (Doc. # 5), denying liability under Agreement No. 1236-0018 and stating that Agreement No. 1236-0009, endorsed by Agreement No. 1236-0009-E003 applied to AMIC's claims.

After the parties submitted their Rule 26(f) planning meeting report and a Uniform Scheduling Order was entered by the court, AMIC filed a Motion for Leave to Amend its Complaint (Doc. # 13). AMIC sought to assert a claim for breach of Agreement No. 1236-0013,

3

endorsed by Agreement No. 1236-0009-E003.  Munich did not oppose the amendment. (Doc. # 16). The court granted AMIC's Motion (Doc. # 17), and on April 18, 2017, AMIC filed its Amended Complaint (Doc. # 18).

Munich answered the Amended Complaint on May 2, 2017 (Doc. # 19).

After filing its Amended Complaint, AMIC noticed the depositions of two Munich employees (Docs. # 23-4, 23-5).

On May 17, 2017, AMIC filed a Motion to Stay Pending Arbitration under Agreement No. 1236-0013, endorsed by Agreement No. 1236-0009-E003 (Doc. # 20). Munich responded (Doc. # 23) and AMIC replied (Doc. # 26).

Later, on June 22 and 23, 2017, AMIC took the previously noticed depositions of Munich's employees. Afterwards, Munich filed an additional Reply to Plaintiff's Response in Support of its Motion to Stay Pending Arbitration (Doc. # 29), and AMIC replied (Doc. # 32).

## IV. DISCUSSION

In seeking arbitration, AMIC contends that the claim for breach of a contract is subject to the arbitration clause within that contract, whereas in opposing arbitration, Munich agrees that a written agreement to arbitrate exists, but contends that the claim brought in this case is not arbitrable and that the right to arbitrate was waived by AMIC.  The court addresses each of these contentions.

### A.  **Arbitrability of AMIC's Claim**

Whether a claim is subject to arbitration is a matter of contract law. *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986).  The court must decide the scope of the arbitration agreement, that is, whether claims are arbitrable, and, if it finds that the claims are arbitrable under the agreement, it is for the arbitrator to decide the merits of those claims. *See Klay*

*v. United Healthgroup, Inc.*, 376 F.3d 1092, 1109 (11th Cir. 2004). In other words, a court must decide whether "a particular dispute falls within the scope of an arbitration clause," and an arbitrator decides "disputes over whether a particular claim may be successfully litigated anywhere at all (due to concerns such as statute of limitations, laches, justiciability, etc.), or has any substantive merit whatsoever." *Id.* "Whether a claim falls within the scope of an arbitration agreement turns on the factual allegations of the complaint." *Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir. 1996). "In analyzing the scope of an arbitration clause, [courts consider] how the factual allegations in the complaint match up with the causes of action asserted and measure that against the language of the arbitration clause." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1221 n.13 (11th Cir. 2011).

Munich argues that AMIC's claim in this case is not subject to arbitration because the agreement AMIC has sued under is inapplicable to AMIC's claims. This argument is based on Munich's interpretation of the insurance contracts between the parties. Munich argues that AMIC's claim for coverage is not governed by the arbitration clause of Agreement No. 1236-0013, on which AMIC relies, because the losses AMIC suffered did not occur within the coverage period for that agreement, but instead occurred during the coverage period for a different agreement which lacks an arbitration clause.

In its Reply, AMIC states that reinsurance Agreement No. 1236-0013 contains an arbitration agreement and the only claim brought in this case is for breach of Agreement No. 1236-0013, endorsed by Agreement No. 0009-E003. Therefore, AMIC argues, the issue of whether Munich breached Agreement No. 1236-0013 should be decided by an arbitrator.

AMIC's Amended Complaint states that Munich was required to pay AMIC for a loss pursuant to reinsurance contract " 'Casualty Excess of Loss Reinsurance Agreement No. 1236-

5

0013,' which was endorsed by 'Endorsement 1236-0009-E003.'" (Doc. # 18, p. 4, ¶ 16–17). The copy of Agreement 1236-0013 which has been provided to the court contains an arbitration clause which states, in relevant part, that "any dispute arising out of this Agreement shall be submitted to the decision of a board of arbitration." (Doc. # 20-1, p. 17). Whether Munich performed its obligations under the agreement is a dispute "arising out of" that agreement. *See Gregory*, 83 F.3d 382 (ordering arbitration for all claims that "touch matters" covered by the agreement at issue).

Munich's merit-based defenses are arguments to support a finding that AMIC cannot receive an award for breach of Agreement 1236-0013 because there was no breach of that agreement. Munich's interpretation of the contracts, however, does not change the fact that when AMIC amended its Complaint, AMIC pled only one claim, which is a claim for breach of a specific contract which contains an arbitration clause. Accordingly, the only claim brought in this case, that Munich breached Agreement No. 1236-0013, endorsed by Agreement No. 1236-0009-E003, which contains an arbitration clause, is subject to arbitration.

### B. Waiver of Right to Compel Arbitration

Munich argues that even if AMIC's claim is covered by an arbitration agreement, AMIC should not be allowed to seek arbitration because it has waived that right. *See Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1365 (11th Cir. 1995) (stating "[a]rbitration should not be compelled when the party who seeks to compel arbitration has waived that right."). A party has waived its right to arbitrate if, " 'under the totality of the circumstances, the ... party has acted inconsistently with the arbitration right,' and, in so acting, has in some way prejudiced the other party." *S & H Contractors, Inc. v. A.J. Taft Coal Co*., 906 F.2d 1507, 1514 (11th Cir. 1990)(citations omitted). Because there is a "federal policy favoring arbitration," the party arguing waiver has a heavy burden of proof. *See Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338,

1352 (11th Cir. 2017)(citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

Munich argues that AMIC waived its right to compel arbitration because it substantially invoked the litigation process when AMIC (1) sued Munich in federal court, (2) participated in the parties' Rule 26(f) planning meeting, (3) prepared and served initial disclosures, (4) moved to file deposition notices requesting depositions of Munich employees, and (5) deposed two of Munich's corporate employees. Of these identified events, only the notices of deposition and depositions occurred after the Amended Complaint was filed.

This case is somewhat unusual in that the party seeking arbitration is the party which originally filed the case. However, the Complaint originally filed in this case brought a claim for breach of a contract which did not contain an arbitration agrement. It was not until AMIC filed its Amended Complaint that AMIC contended that Munich had breached a contract which contained an arbitration clause.

Under facts presenting the opposite scenario, that is, where a defendant sought to compel arbitration after a plaintiff amended its complaint, the Eleventh Circuit reasoned that "when a plaintiff files an amended pleading that unexpectedly changes the shape of the case, the case may be 'so alter[ed] ... that the [defendant] should be relieved from its waiver.'" *Krinsk v. SunTrust Banks, Inc*., 654 F.3d 1194, 1203 (11th Cir. 2011). While Munich argues that no new claim has been asserted, it appears to the court that actions which AMIC took toward litigation before its Amended Complaint should not be considered waiver of the right to seek arbitration because it was not until AMIC filed the Amended Complaint that it alleged breach of a contract which contained an arbitration clause. In other words, the scope of the case changed because arbitration only became relevant once the Amended Complaint was filed.

The actions which occurred after AMIC filed its Amended Complaint also do not appear to this court to be sufficient to establish waiver because those actions, including depositions, occurred while AMIC was bound by a Uniform Scheduling Order which the court had entered before AMIC sought arbitration. *Cf. Burch*, 861 F.3d at 1351 (stating that a party's "orderly participation in [a] lawsuit," after a district court decides to delay a final ruling on a determination on arbitrability is not inconsistent with the party's right to arbitrate.").

Furthermore, the Eleventh Circuit requires more participation in the litigation process to evince an intent inconsistent with the right to arbitrate. *See, e.g.*, *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1278 (11th Cir. 2012) (finding waiver where party conducted discovery for over a year, including taking more than 15 depositions, serving and answering interrogatories, and producing approximately 900,000 pages of documents); *S.H. Contractors, Inc.*, 906 F.2d at 1514 (finding waiver where parties had litigated for eight months, filed two substantive motions, and conducted five depositions prior to making a demand for arbitration).

Even if the court found that AMIC had substantially participated in the litigation process, Munich has failed to demonstrate that it was prejudiced. The Eleventh Circuit evaluates the prejudice prong of the waiver analysis by "consider[ing] the length of the delay in demanding arbitration and the expense incurred by [the] party [alleging prejudice] from participating in the litigation process." *S.H. Contractors, Inc.*, 906 F.2d at 1514. "Prejudice has been found in situations in which the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F.3d at 1366.

Munich argues that the present litigation has been ongoing since December 7, 2016, so there was a five-month delay before AMIC sought arbitration, during which time Munich expended significant time and resources. In an attempt to establish prejudice, Munich points to

the following events undertaken by Munich: filing two Answers, responding to a show cause order, attending a Rule 26(f) Parties' Planning Meeting, jointly preparing and submitting a Rule 26(f) Parties' Planning Meeting Report, preparing and filing a Rule 7.1 Corporate Disclosure Statement, preparing and submitting Rule 26 Initial Disclosures and reviewing over 1,794 documents, making two Defendant employees available for depositions that lasted over a period of two days in New Jersey, having counsel travel and prepare for the depositions, preparation of depositions of two AMIC representatives, noticing a deposition, and preparing specialized requests for documents.

AMIC responds that the period of time to be considered is the period between its Amended Complaint and Motion to Stay, a delay of less than one month. AMIC also argues that Munich did not incur expenses in this case that it would not have incurred if the case were sent to arbitration, even considering the depositions, because this case would likely be governed by arbitration rules which allow for depositions and other discovery. (Doc. #32 at p.5).

The Eleventh Circuit has found delays longer than the delay after the Amended Complaint was filed in this case to be insufficient under the prejudice prong. *See Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986) (holding that a 10-week delay was insufficient). Furthermore, many of the litigation events pointed to by Munich as being prejudicial occurred before the Amended Complaint was filed and, therefore, do not establish prejudice. *See id.* (stating "when a claim is not arbitrable at the time an action is commenced and a timely request has been made, mere participation in discovery does not cause prejudice sufficient to constitute a waiver.").

Moreover, even considering all of the litigation events pointed to by Munich, and even assuming that they caused Munich to incur some expenses that arbitration was designed to alleviate, Munich has not demonstrated the amount of its expenses or the hours spent on the

litigation events. *See Citibank, N.A. v. Stok & Assoc., P.A.*, 387 Fed. App'x. 921, 925 (11th Cir. 2010)(considering the fact that the defendant had not presented any evidence of "the amount of money it spent or the number of hours it dedicated to conducting litigation-specific discovery and preparing litigation-specific documents" in its determination that the defendant was not prejudiced by the plaintiff's conduct). While Munich states in brief that it has not produced deposition billing records because they are privileged, although they could be produced *in camera*, Munich does not provide even an estimate of the expenses incurred. *See Grigsby & Assocs., Inc. v. M Sec. Inv.*, 635 F. App'x 728, 734 (11th Cir. 2015) (finding lack of evidence of prejudice and noting that "[e]ven without the legal bills or other such records, Grigsby could have submitted an affidavit or other evidence estimating his expenses, but he failed to do so."). Therefore, the court finds that Munich has not born its burden to prove prejudice.

In this case in which the parties engaged in litigation but then AMIC changed the scope of its claim to include only a breach of a contract claim based on a contract which contained an arbitration clause, and within one month of that filing sought to arbitrate its dispute, the facts viewed from the totality of the circumstances do not support a finding that AMIC substantially participated in the litigation process to a point inconsistent with an intent to arbitrate, or that Munich has established that it was prejudiced. *See Morewitz*, 62 F.3d at 1366. AMIC has not waived its right to compel arbitration.

## V. CONCLUSION

For the reasons stated herein, it is hereby ORDERED as follows:

1. AMIC's Motion to Stay Pending Arbitration (Doc. # 20) is GRANTED and this case is ORDERED stayed pending arbitration of AMIC's claim.

2. The Plaintiff must submit its claim against Munich to arbitration in accordance with the terms of the arbitration agreement.

3. The parties are to file a status report with the court within 10 days of when the arbitration has concluded.

Done this 7th day of September, 2017.

                                              /s/ W. Harold Albritton
                                              W. HAROLD ALBRITTON
                                              SENIOR UNITED STATES DISTRICT JUDGE